```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEBBRA L. PETERSEN,

                       Plaintiff,               12-CV-6642T

             v.                                 ORDER

BIAGGI'S ITALIAN REST.,

                       Defendant.
_____
```

On November 26, 2012, plaintiff Debbra L. Petersen, ("Peterson"), proceeding pro se, filed the instant action against defendant Biaggi's Italian Restaurant claiming that the defendant discriminated against her on the basis of her age. By Order dated April 29, 2013, this Court Ordered the United States Marshal, upon payment of the fee by the plaintiff, to serve the summons and complaint upon the defendant. Thereafter, upon plaintiff's payment of the fee, the Marshal's service sent a copy of the Summons and Complaint to the defendant by certified mail, as well as a form asking the defendant to acknowledge service, and waive formal service of the Complaint.

On August 8, 2013, plaintiff filed an affidavit of service with the Court stating that the United States Marshal had served the Complaint on the defendant by mail on May 24, 2013, and that the defendant had not returned the acknowledgment of service form that was sent with the summons and complaint. Thereafter, plaintiff moved for an entry of default against the defendant on grounds that

the defendant had not answered the Complaint. On September 13, 2013, the Clerk of the Court made an entry of default against the defendant.

Defendant now moves to vacate the entry of default entered by the Clerk of the Court. Although the defendant repeatedly asserts that a default judgment was entered against it, and moves to vacate the "default judgment," no judgment of default has been entered against the defendant. Rather, the Clerk of the Court made an "entry of default" pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Accordingly, the Court construes defendant's motion as a motion to vacate the entry of default.

Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court may set aside an entry of default "for good cause shown." In the instant case, the defendant has shown good cause for vacating the entry of default. Specifically, the defendant has demonstrated to the Court that the Marshal's Service failed to properly serve the Summons and Complaint as directed by the Court on April 29, 2013. Because the Summons and Complaint were not properly served, there is no basis for entering a default against the defendant, and therefore, I grant defendant's motion to vacate the entry of default.

Because the failure to timely and properly serve the Summons and Complaint was not the fault of the plaintiff (who paid the service fee and provided the required documents to effectuate

service) the Court, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, grants, <u>sua</u> <u>sponte</u>, an additional 60 days in which to effectuate service. The Court further directs the United States Marshal to properly serve the Summons and Complaint as required by Rule 4 of the Federal Rules of Civil Procedure ("Rule 4"). Should defendant consent to alternative service, the Marshal may serve the Complaint by certified mail or other agreed-to means, but absent prior consent from defendant's counsel, service shall be effectuated in accordance with Rule 4.

Plaintiff moves for appointment of counsel to prosecute her discrimination action against the defendant. There is no constitutional right to appointed counsel in civil cases, and assignment of counsel is within the judge's discretion. <u>In re Martin-Trigona</u>, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the plaintiff's claims seem likely to be of substance;

2. Whether the plaintiff is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997); see also Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986).  Counsel may be appointed in cases where it appears that such counsel will provide substantial assistance in developing petitioner's arguments, the appointment will otherwise serve the interests of justice, and where the litigant has made "a threshold showing of some likelihood of merit."  Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).

The Court has reviewed the facts presented herein in light of the factors required by law.  Based on this review, plaintiff's motion for appointment of counsel is denied at this time.  Plaintiff has not made a threshold showing that her claims are meritorious.  Nor does it appear that the legal issues involved are overly complex.

## CONCLUSION

For the reasons set forth above, I grant defendant's motion to vacate the September 13, 2013 entry of default entered against it by the Clerk of the Court.  I further grant plaintiff an additional 60 days to effectuate service of the Summons and Complaint upon the defendant.  The United States Marshall is directed to effectuate service within 60 days of the date of this Order.  Finally, I deny plaintiff's motion for appointment of counsel.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         June 26, 2014